UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LOU COLASANTI,

        Plaintiff,

   v.

CITY OF PORTLAND and STATE OF OREGON,

        Defendants.

Case No. 3:19-CV-00443-YY

OPINION AND ORDER

A jury has returned a verdict in favor of the City of Portland on plaintiff's claim for disability discrimination under the Americans with Disabilities Act ("ADA") and O.R.S. 549A.112. The City and the State of Oregon have now filed motions to dismiss plaintiff's remaining claim for interference under the ADA, 42 U.S.C. § 12203(b), which the court previously found is an equitable claim. ECF 232, 234.

42 U.S.C. 12203(b) provides, in pertinent part:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of . . . any right granted or protected by this chapter.

To prevail on this claim, plaintiff must identify an ADA-protected right, show that defendants intimidated or interfered with the exercise or enjoyment of that right, and prove that he suffered a distinct and palpable injury as a result. *See Brown v. City of Tucson*, 336 F.3d 1181, 1194 (9th Cir. 2003); *Annenberg v. Clark Cty. Sch. Dist.*, 818 F. App'x 674, 678 (9th Cir. 2020). Requesting

an accommodation is a protected ADA activity. *Coons v. Secretary of U.S. Dept. of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004).

On summary judgment, the court found that plaintiff had produced no evidence of intimidation; however, he had proffered evidence that he made repeated, detailed disclosures to both a City and a State employee about his heart condition and voiced concern that his disability interfered with his ability to perform the physical requirements of the academy, but was told to keep the information to himself and essentially train harder instead. *See* Opinion and Order 21, ECF 124. Moreover, the court found that plaintiff had identified an injury, specifically that he gave up his right to seek a reasonable accommodation. *Id.* at 22.

Defendants argue that plaintiff's claim is now moot as the result of the jury's finding that he is not a qualified individual, i.e., an individual with a disability who, either with or without a reasonable accommodation, could perform the essential functions of a police officer. Otherwise stated, because the jury found that no reasonable accommodation would have enabled plaintiff to perform the job, he cannot establish that he suffered an injury as the result of defendants' alleged interference with his right to request an accommodation.

Plaintiff contends that he is nevertheless entitled to nominal damages. Although plaintiff did not expressly request nominal damages in his complaint, his request for "any such other and further relief as the Court may deem just and equitable" is sufficient to preserve the request for nominal damages. *See Brooke v. A-Ventures, LLC*, No. 2:17-CV-2868-HRH, 2017 WL 5624941, at *5 (D. Ariz. Nov. 22, 2017).

Nominal damages are available as equitable relief for an ADA interference claim. *Id.* at 868-74. "[A] live claim for nominal damages will prevent dismissal for mootness." *Id.* at 869.

> Nominal damages, which are damages 'in name only' and by
> nature minimal in amount, serve two distinct purposes. . . . First, as

>
> distinguished from punitive and compensatory damages, nominal damages are awarded to vindicate rights, the infringement of which has not caused actual, provable injury. . . Thus, a plaintiff might seek vindication of a right which is not economic in character and for which no substantial non-pecuniary award is available. Second, nominal damages serve one other function, to clarify the identity of the prevailing party for the purposes of awarding attorney's fees and costs in appropriate cases. Particularly when a statute provides for the award of court costs to the prevailing party, a court may award nominal damages to avoid ordering the plaintiff to pay court costs and ensure the cost burden is on the defendant.

*Id.* at 872 (simplified, citations omitted).

"[N]ominal damages as equitable relief are not automatic." *Do v. Arizona State Univ.*, No. CV-22-00190-PHX-JJT, 2025 WL 871015, at *6 (D. Ariz. Mar. 20, 2025). "It is the historic purpose of equity to secure complete justice." *Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853, 873 (9th Cir. 2017). "Given the dignitary interest at stake when an action alleges a violation of a statute intended to safeguard civil rights, nominal damages seem particularly well suited to securing 'complete justice' in this context." *Id.* at 874.

In *Bayer*, the Ninth Circuit observed that the "unique circumstances of this case illustrate that complete justice may require a district court to award nominal damages as equitable relief." *Id.* at 874. There, the plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") against his employer for failure to accommodate his work schedule request, and on the same day, his employer presented him with a mandatory arbitration agreement. *Bayer v. Neiman Marcus Grp., Inc.*, 843 F. App'x 74, 76 (9th Cir. 2021). The plaintiff was told he had to choose between ending his employment or being bound by the agreement. *Id.* The plaintiff believed that signing the agreement would imperil his EEOC charge and his ability to receive an ADA accommodation, and repeatedly refused to sign it. *Id.* The plaintiff brought suit alleging that his employer's insistence that he choose between quitting his job and being

bound by the arbitration agreement constituted ADA interference in violation of 42 U.S.C. 12203(b). *Bayer v. Neiman Marcus Grp., Inc.*, No. 13-CV-04487-MEJ, 2015 WL 307645, at *2 (N.D. Cal. Jan. 22, 2015). The district court found that the plaintiff's continued employment did not constitute implied consent to enter into the arbitration agreement and the Ninth Circuit affirmed. *Bayer v. Neiman Marcus Holdings, Inc.*, 582 F. App'x 711, 714 (9th Cir. 2014). The district court thereafter dismissed the plaintiff's interference claim on summary judgment, finding that the claim was moot because the parties had never entered into an arbitration agreement, and ordered the plaintiff to pay the employer's costs. *Bayer*, 2015 WL 307645 at *4.

The Ninth Circuit reversed, holding:

> There can be no question that complete justice required a different result, as dismissing an action in which an employee alleges an employer violated the ADA by imposing a mandatory arbitration agreement merely because he or she successfully resisted the employer's attempt to enforce that agreement could only compound whatever dignitary harm the employee suffered due to the employer's alleged unlawful conduct. For this court to adopt a per se limitation on the equitable powers granted to district courts by the ADA under these circumstances would be manifestly inconsistent with the historic purpose of equity to secure complete justice. . . . We therefore conclude § 12203 authorizes courts to award nominal damages as equitable relief when complete justice requires.

861 F.3d at 874.

Those "unique circumstances" are arguably distinguishable from what plaintiff has alleged in this case. However, without hearing the evidence, the court is unable to make a determination regarding whether nominal damages would "secure complete justice." Therefore, the parties will proceed to a bench trial on the interference claim. To the extent economically feasible, the parties are directed to offer transcript testimony from the jury trial. Remote

testimony is permitted for witnesses who are located out of state. The parties should attempt to limit the trial for the interference claim to one day, not including closing arguments.

Finally, plaintiff has abandoned all other forms of relief for his interference claim, except for back pay and front pay. Under the ADA, "the award of back pay is an integral part of the equitable remedy of reinstatement," which the court may award in its discretion. *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1068 (9th Cir. 2005). Front pay is "an award of the salary and benefits a wrongfully demoted or discharged plaintiff would have earned from employment after the trial." *Caldwell v. Musk*, No. 24-CV-02022-MMC, 2024 WL 4654272, at *4 (N.D. Cal. Nov. 1, 2024). Given the jury's verdict that plaintiff is not a qualified individual who can perform the essential functions of a police officer with or without a reasonable accommodation, plaintiff is precluded from obtaining back pay and front pay as damages for his remaining claim for interference.

IT IS SO ORDERED.

DATED June 18, 2025.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge